IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br>　　Plaintiff,<br><br>　　v.<br><br>PIKES PEAK YOUTH SPORTS<br>ASSOCATION, LLC, and PEAK YOUTH<br>SPORTS ASSOCATION,<br>　　Defendants. | )<br>)<br>) CIVIL ACTION NO. 1:15-cv-02405<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CONSENT DECREE

### I.　Background

1.　This Consent Decree resolves a civil action brought by Plaintiff United States against Defendants Pikes Peak Youth Sports Association, LLC and Peak Youth Sports Association to enforce Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181-89, as amended, and its implementing regulation, 28 C.F.R. Part 36.

2.　In its Complaint, the United States alleges that Defendant Pikes Peak Youth Sports Association, LLC violated the ADA when it denied a seven year old child with a disability (identified in the Complaint as B.K.) equal access to its state wrestling tournament on the basis of disability by refusing to modify its age division policy. Specifically, the United States alleges that Pikes Peak Youth Sports Association, LLC denied B.K, who has a type of dwarfism, the opportunity to compete in the 2014 Colorado State Wrestling Championship when it refused to allow him to "play down" one age division so he could compete with wrestlers closer to his weight and size. The United States further alleges that Defendant Peak Youth Sports Association is liable as successor-in-interest to Defendant Pikes Peak Youth Sports Association, LLC.

3. The United States and Defendants Pikes Peak Youth Sports Association, LLC and Peak Youth Sports Association (collectively "the parties") agree that it is in the parties' best interests, and the United States believes that it is in the public interest, to resolve this lawsuit on mutually agreeable terms without further litigation. Accordingly, the parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in the United States' Complaint.

Accordingly, the parties hereby AGREE and the Court expressly APPROVES, ENTERS, AND ORDERS THE FOLLOWING:

## II.  Jurisdiction and Venue

4. This Court has jurisdiction over this action pursuant to 42 U.S.C. 12188(b)(1)(B) and 28 U.S.C. §§ 1331 and 1345. The Court may grant equitable relief, monetary damages, and a civil penalty pursuant to 42 U.S.C. §§ 12188(b)(2).

5. Venue is proper in the District of Colorado pursuant to 28 U.S.C. 1391(b)(1) because Defendants Pikes Peak Youth Sports Association, LLC and Peak Youth Sports Association (collectively "Defendants") reside in this district. Venue is further proper in the District of Colorado pursuant to 28 U.S.C. 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## III.  Parties

6. Plaintiff is the United States of America.

7. Defendant Pikes Peak Youth Sports Association, LLC is a limited liability company formed in the State of Colorado. At all times relevant to the events described in the United States' Complaint, Pikes Peak Youth Sports Association, LLC operated a state-wide youth wrestling league under the name "Pikes Peak Wrestling League" ("PPWL"). PPWL

tournaments are sanctioned by USA Wrestling.

8. Defendant Peak Youth Sports Association is a nonprofit corporation formed in the State of Colorado. In August 2014, Peak Youth Sports Association began operating PPWL and assumed liability as successor in interest to Pikes Peak Youth Sports Association, LLC.

9. Defendants are private entities that lease and/or operate a place of exercise or recreation. 42 U.S.C. § 12181(7)(L); 28 C.F.R. § 36.104. Accordingly, Defendants are public accommodations and are subject to the requirements of Title III of the ADA, 42 U.S.C. §§ 12181-12189, and its implementing regulation, 28 C.F.R. Part 36.

## IV. Injunctive Relief

10. <u>General Obligations</u>. Defendants will comply with the requirements of 42 U.S.C. § 12182 of the ADA and its implementing regulation at 28 C.F.R. Part 36. The ADA prohibits discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201. That mandate includes, but is not limited to, the following:

   a. Defendants will make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, pursuant to 42 U.S.C. § 12182(b)(2)(A)(ii) and 28 C.F.R. § 36.302; and

   b. Defendants will not deny an individual on the basis of disability the opportunity to participate in or benefit from their goods, services, facilities, privileges,

advantages, or accommodations, pursuant to 42 U.S.C. § 12182(b)(1)(A)(i) and 28 C.F.R. § 36.202.

11. <u>Establishment of Disability Nondiscrimination Policy</u>. Within ten (10) business days of the entry of this Consent Decree, Defendants will adopt a Disability Nondiscrimination Policy that will expressly provide that:

   a. Defendants do not discriminate against any individual on the basis of disability;

   b. Individuals with disabilities have an equal opportunity to participate in or benefit from the Defendants' goods, services, facilities, privileges, advantages, and accommodations;

   c. Defendants will make reasonable modifications to their policies, practices and procedures when the modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities; and

   d. Oral or written requests for reasonable modifications to PPWL policies, practices, and procedures by an individual with a disability, or their representative, will be accepted by any employee of Defendants with responsibility for organizing or supervising PPWL tournaments. Upon receipt of a request for a reasonable modification, Defendants will conduct an individualized inquiry that includes consideration of the wrestler's specific circumstances and the purpose of the rule, policy, or practice at issue, to decide whether to allow the modification. Defendants will allow a modification unless the modification is unreasonable or would fundamentally alter an essential aspect of PPWL's program. Defendants will provide the person requesting the modification with written notice of their

decision within four (4) business days of the request. Although Defendants will respond appropriately and in a reasonable amount of time to a request for a reasonable modification regardless of when it is received, wrestlers and their families are strongly encouraged to make such requests at least two weeks prior to the start of a PPWL tournament.

12. <u>Publication/Dissemination of Disability Nondiscrimination Policy</u>. The Disability Nondiscrimination Policy established pursuant to the immediately preceding paragraph will be published/disseminated as follows:

   a. Within ten (10) business days of the entry of this Consent Decree, the full text of the Disability Nondiscrimination Policy will be accessible from a new tab entitled "Nondiscrimination Statement/Policy," to be located between the existing "State Championships" and "Clubs" tabs on the PPWL homepage at http://www.pikespeakwrestling.com/, for at least the Term of this Consent Decree.

   b. Within ten (10) business days of the entry of this Consent Decree, Defendants will distribute a copy of the Disability Nondiscrimination Policy to the Director of State Services for USA Wrestling.

   c. Within ten (10) business days of the entry of this Consent Decree, and annually at the start of every wrestling season for at least the Term of this Consent Decree, Defendants will distribute a copy of the Disability Nondiscrimination Policy to every coach of every club registered with PPWL.

   d. The posting/publication of the revised Disability Nondiscrimination Policy

required under this paragraph will, in all instances, occur in a font style and size equivalent to other notices on the PPWL homepage.

13. <u>Tournament Registration Materials</u>. Within ten (10) days of the entry of this Consent Decree, and continuing for at least the Term of this Consent Decree, Defendants will include the following language in all PPWL tournament registration materials:

> Wrestlers who, because of a disability, need a reasonable modification to PPWL's rules, policies, or practices in order to participate fully and equally in PPWL tournaments should describe in an e-mail message to jay@pikespeakwrestling.com the modification needed and how the modification would avoid discrimination, including how the modification will address the wrestler's disability.

The language required under this paragraph will, in all instances, occur in a font style and size equivalent to other notices on the PPWL homepage.

14. <u>Training</u>. Within sixty (60) days of the entry of this Consent Decree, Defendants will provide their employees with training regarding Title III of the ADA. The training will cover the anti-discrimination provisions of Title III of the ADA, the duty to make reasonable modifications to policies, practices, and procedures under the ADA, Defendants' obligations under Title III of the ADA, and Defendants' Disability Nondiscrimination Policy. Defendants will invite all USA Wrestling Directors to attend the training, free of charge. Defendants will also invite all coaches of clubs registered with PPWL to attend the training, free of charge. This training, which will include a question and answer period, will be provided at Defendants' expense by an independent third party trainer knowledgeable regarding the requirements of the ADA. Defendants will identify the third party trainer and send the proposed training agenda to

the United States for pre-approval. The third party training and training agenda must be pre-approved by the United States. Defendants will maintain an attendance log reflecting the names and titles of training attendees.

15. <u>Reporting</u>.

   a. <u>Initial Report</u>: Ninety (90) calendar days following the entry of this Consent Decree, Defendants will submit a report to the United States confirming its fulfillment to date of the requirements set out in Paragraphs 11-14, above. Defendants will include in this report a copy of the attendance log from the training conducted pursuant to Paragraph 14 of this Consent Decree.

   b. <u>Immediate Reports</u>: During the Term of this Consent Decree, Defendants will report to the United States in writing within fifteen (15) business days of Defendants':

      i. Decision not to modify PPWL's policies, practices, or procedures, when requested by or on behalf of an individual with a disability. Such notification will include all documents (including, but not limited to, internal and external email correspondence) relating to the decision not to make the modification in question.

      ii. Knowledge of any lawsuit, written complaint, charge, or other allegation that Defendants or PPWL has engaged in disability-based discrimination and/or violated the ADA. Such notice will include, at a minimum, a description of the nature of the allegation, the name(s) of the individual(s) bringing the allegation, and all documentation possessed by Defendants relevant to the allegation.

16.     All information provided pursuant to the above reporting requirements under this Consent Decree should be provided to the United States via overnight courier service to: Rebecca B. Bond, Chief, Disability Rights Section, DJ No. 205-13-283, Civil Rights Division, U.S. Department of Justice, 1425 New York Avenue, N.W., Fourth Floor, Washington, D.C. 20005.

## V.     Monetary Relief

17.     Within fifteen (15) business days of Defendants' receipt of the completed release attached hereto as Attachment A, Defendants agree to pay and deliver five thousand dollars ($5,000.00) in compensatory damages to the individual identified in the United States' Complaint in this matter as B.K. by check made payable to Y.K. and C.K. in their full legal names as identified in the completed version of Attachment A.

## VI.    Implementation and Enforcement

18.     The effective date of this Consent Decree is the date that the Court enters the Consent Decree.

19.     The duration of this Decree will be three (3) years from the Effective Date.

20.     The Court will retain continuing jurisdiction for the duration of the Decree to enforce the terms of the Decree. The United States may apply to the Court for such further orders as may be necessary for, or consistent with, the enforcement of this Decree.

21.     Failure by the United States to enforce any provision of this Decree will not be construed as a waiver of its right to enforce any provisions of the Decree.

22.     If any term of this Decree is determined by any court to be unenforceable, the other terms of this Decree will nonetheless remain in full force and effect.

23. The United States may review compliance with this Consent Decree at any time. If the United States believes that this Consent Decree or any portion of it has been violated, it will raise its concerns with Defendants and the parties will attempt to resolve those concerns in good faith. The United States will give the Defendants thirty (30) days from the date it notifies the Defendants of any breach of this Consent Decree to cure that breach before filing a motion for contempt or taking any other enforcement action.

24. This Consent Decree will be binding upon the Defendants, their agents, employees, and successors-in-interest.

25. The signatories represent that they have the authority to bind the respective parties identified below to the terms of this Consent Decree.

26. This Consent Decree, including Attachment A, constitutes the entire agreement between the United States and the Defendants on the matters raised in the United States' Complaint in this matter and no other statement or promise written or oral, made by any party or agents of any party, that is not contained in this written Decree, including its attachments, will be enforceable.

27. This Consent Decree is not intended to remedy any other potential violations of the ADA or any other law, other than the violations alleged in the United States' Complaint in the above-captioned matter.

28. This Consent Decree does not affect the Defendants' continuing responsibility to comply with all aspects of the ADA.

SO ORDERED this ___7th___ day of ___December___, 2015.

_____
UNITED STATES DISTRICT JUDGE

AGREED AND CONSENTED TO:

/s/ Jeremy Eide
_____
Jeremy Eide
Registered Agent for Pikes Peak Youth Sports Association, LLC and Peak Youth Sports Association

/s/ Brad A. Miller
_____
Brad A. Miller
Counsel for Pikes Peak Youth Sports Association, LLC and Peak Youth Sports Association

The Law Office of Brad A. Miller, LLC
5665 Vessey Road
Colorado Springs, CO 80908
(719) 338-4189

Date: October 28, 2015

Vanita Gupta
Principal Deputy
Assistant Attorney General

Eve L. Hill
Deputy Assistant Attorney General
Civil Rights Division

/s/ Erin Meehan Richmond
_____
Rebecca B. Bond, Chief

Sheila M. Foran, Special Legal Counsel

Amanda Maisels, Deputy Chief

Erin Meehan Richmond, Trial Attorney

Disability Rights Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
(202) 305-1613

Date: October 29, 2015

Attachment A

**<u>RELEASE OF CLAIMS</u>**

For and in consideration of the relief offered by Defendants Pikes Peak Youth Sports Association, LLC and Peak Youth Sports Association ("Defendants") pursuant to the Consent Decree between the United States of America and the Defendants arising out of Department of Justice Investigation No. 202-13-283:

We, _____ and _____, the Complainants who initiated Department of Justice Investigation No. 202-13-283, on our own behalf and on behalf of our minor son, _____, hereby release and forever discharge Defendants from any legal and/or equitable claims arising out of the facts identified in the Complaint and/or Consent Decree related to Department of Justice Investigation No. 202-13-283. As a result, we agree and promise that we will not file any suit, charge, complaint, proceeding or action at law, in equity, or otherwise in any court, or any other judicial or administrative forum against Defendants arising out of the facts identified in the Complaint and/or Consent Decree related to Department of Justice Investigation No. 202-13-283. Excluded from this Release are any rights and claims that cannot be waived by law.

This Release constitutes the entire agreement between ourselves (individually and on behalf of our minor son identified above) and Defendants, without exception or exclusion.

We acknowledge that a copy of the Consent Decree has been made available to us. By signing this Release, we acknowledge that we have been provided the opportunity to review the same with an attorney of our choosing.

This Release will be considered null and void in the event that Defendants fail to deliver to counsel for the United States a check in the amount specified in the Consent Decree within ten (10) business days of its receipt of this signed Release of Claims.

WE HAVE READ THIS RELEASE AND UNDERSTAND THE CONTENTS THEREOF AND WE EXECUTE THIS RELEASE OF OUR OWN FREE ACT AND DEED.

Date: _____

_____
Complainant's Signature


_____
Complainant's Signature

11